| | | |
|---|---|---|
| MICHAEL CHRISTOPHER BLOCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-168 |
| | ) | |
| WILLIAM DANFORTH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I.   BACKGROUND

Petitioner, who was convicted in Richmond County, Georgia, originally brought this case in the Middle District of Georgia. The petition was transferred to this District by the Honorable Hugh Lawson, United States District Judge, in accordance with the policy and practice of the federal courts in all three districts of Georgia to transfer actions attacking state convictions to the district in which the original criminal proceedings were conducted. (Doc.

no. 5.) In the instant § 2254 petition, Petitioner attempts to challenge his convictions for burglary, kidnapping, and rape, all of which he pled guilty to in the Superior Court of Richmond County, Georgia, in January 2008. (Doc. no. 1, p. 1.) Petitioner was sentenced to life imprisonment on the rape count and to consecutive twenty-year terms of imprisonment on the other two counts, and Petitioner did not file a direct appeal.[1] (Id. at 1-2.)

Petitioner filed a state habeas corpus petition in the Superior Court of Lowndes County, alleging that he had received ineffective assistance of counsel, that his guilty plea was not knowing and intelligent, that he should not have been charged with kidnapping, and that the court did not "follow up on court ordered Mental Health Evaluation." (Id. at 2.) Petitioner filed a state habeas petition in the Superior Court of Lowndes County which was "denied and appealed" on February 21, 2011. (Id. at 2.) The Georgia Supreme Court denied Petitioner's appeal, and also denied his motion for reconsideration on October 17, 2011.[2] (Id. at 2-3.)

Petitioner then proceeded to file his first § 2254 petition, which was dated March 9, 2012, and was filed by the Clerk of Court on April 26, 2012. Blocker v. Danforth, CV 112-064, doc. no. 1 (S.D. Ga. Apr. 26, 2012) (hereinafter "CV 112-064"). Therein, Petitioner attempted to collaterally attack the same convictions at issue here, claiming that he received

---

[1] In response to the question in the instant petition asking if Petitioner appealed from his convictions, he indicates that he did file such an appeal. (Doc. no. 1, p. 2.) However, in the subsequent question, which asks for information regarding the appeal, Petitioner states that he "appealed" by applying for habeas corpus relief in the Superior Court of Lowndes County. (Id.) Therefore, it is apparent from the face of the petition that Petitioner did not file a direct appeal.

[2] Petitioner provided this information, including his case number, S11H1214, under the question asking if he filed a petition for certiorari in the United States Supreme Court. (Doc. no. 1, p. 2.) The case number Petitioner provided, however, is for a case in the Georgia Supreme Court.

ineffective assistance of trial counsel, that he was denied the right to appeal the denial of his state habeas petition, that he was improperly charged with kidnapping, and that the trial court failed to properly evaluate his mental health. See id. at 7. On May 3, 2012, this Court conducted an initial review of the petition, finding that it was time-barred under the applicable statute of limitations and recommending that it be dismissed. Id., doc. no. 3. The Honorable J. Randal Hall, United States District Judge, adopted this Court's recommendation as the opinion of the District Court and dismissed that case. Id., doc. no. 5. Petitioner did not appeal the dismissal.

Petitioner next filed the instant § 2254 petition, which is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3] In his current petition, Petitioner again argues that he received ineffective assistance of trial counsel, that he was denied the right to appeal the denial of his state habeas petition, that he was improperly charged with kidnapping, and that the trial court failed to properly evaluate his mental health. (Doc. no. 1, pp. 5-10.)

---

[3]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

3

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Report and Recommendation ("R&R") addressing Petitioner's previous petition, and Judge Hall's Order adopting that R&R as the opinion of the Court. CV 112-064, doc. nos. 1, 3, 5. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

### B. Second Application for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive[4] [habeas corpus] application permitted by this section is filed in the

---

[4]With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 594 U.S. 147, 153-54 (2007) (*per curiam*). In this regard, dismissal of a habeas corpus petition on statute of limitations grounds constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See, e.g., Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (*per curiam*) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency . . . ."). Petitioner's

4

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[5] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider the instant petition. See id.

---

first § 2254 petition was dismissed as time-barred. CV 112-064, doc. nos. 3, 5. As such, Petitioner's previous federal petition for a writ of habeas corpus was denied on the merits.

[5]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . .").

In sum, Petitioner previously filed a § 2254 petition that was dismissed on the merits, and he has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of January, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE